United States District Court
Southern District of Texas
**ENTERED**
October 16, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| CORNELIUS MILAN HARPER, § | |
| Plaintiff § | |
| § | |
| v. § | Case No. 1:18-cv-161 |
| § | |
| JASON B. LIBBY, § | |
| UNITED STATES OF AMERICA, § | |
| Defendants § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of a pro se submission filed by Cornelius Milan Harper, an inmate in the custody of the Texas Department of Criminal Justice. Dkt. No. 1.[1] Harper's submission bears the title "PUBLIC OFFENSE REPORT DEBENTUR MIHI CORPUS DELICTI." *Id.* at 1.[2] Harper's submission asserts that Defendants have violated his civil rights. Dkt. No. 1 at 2. Accordingly, the Court will construe Harper's submission (hereinafter, "Complaint") as a complaint

---

[1] Cornelius Milan Harper was recently convicted of "capital murder of multiple persons and sentenced to confinement for life." *Harper v. State*, 540 S.W.3d 223, 226 (Tex. App.—Houston [1st Dist.] 2018, pet. ref'd).

[2] A debenture is a writing acknowledging a debt. *United States v. Leslie Salt Co.*, 350 U.S. 383, 395 n. 12 (1956). In Latin, Mihi refers to the ego in a personal pronoun "singular dative" form. *See* https://www.online-latin-dictionary.com/latin-english-dictionary.php?Parola=mihi (last visited October 12, 2018); *see also* https://en.wiktionary.org/wiki/mihi (Latin Pronoun: Mihi: "1. Dative form of ego, indirect object form: 'Marcus *mihi* librum dedit. Marcus gave the book *to me*.') (emphasis in original). "Black's Law Dictionary defines corpus delicti as '[t]he fact of a transgression; actus reus. The phrase reflects the simple principle that a crime must be proved to have occurred before anyone can be convicted for having committed it.'" *In re WinNet R CJSC*, No. 16-MC-484 (DLC), 2017 WL 1373918, at *4 n. 5 (S.D.N.Y. Apr. 13, 2017) (quoting Black's Law Dictionary (10th ed. 2014)). Loosely translated, then, the title on Harper's submission appears to reference an intent to report the public offense of a debt being owed to him, possibly by one whose crime has yet to be proven.

brought pursuant to 42 U.S.C. § 1983. For the reasons provided below, it is recommended that the Court **DISMISS** Harper's Complaint with prejudice pursuant to 42 U.S.C. § 1997e(c)(1), and 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

It is recommended that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be instructed to send notice of the dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.[3] Further, it is recommended that the Court warn Harper that that if he accumulates three strikes he will not be able to proceed in forma pauperis in any civil action or appeal, if he files that action or appeal while incarcerated or detained in any facility, unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *see also Carson v. Johnson*, 112 F.3d 818, 819- 820 (5th Cir. 1997) (discussing and applying 28 U.S.C. § 1915(g) to § 1983 claims).

## I. Discussion

Harper's Complaint names the United States of America and United States Magistrate Judge Jason B. Libby as defendants in this lawsuit. Dkt. No. 1 at 1. Harper's Complaint is difficult to decipher because it makes convoluted and nonsensical assertions. *Id.* at 1-5. To the extent that his allegations are decipherable, Harper appears to be challenging Judge Libby's handling of *Cornelius Milan Harper v. Oliver J. Bell and Bryan Collier*, Civil Action No. 2:17-cv-117

---

[3] Section 1915(g) of Title 28 prohibits prisoners from proceeding in forma pauperis if they have had three actions or appeals dismissed for frivolousness, maliciousness, or failure to state a claim. 28 U.S.C. § 1915(g). The Fifth Circuit refers to this rule as the "three-strikes" provision. *Adepegba v. Hammons*, 103 F.3d 383, 385 (5th Cir. 1996).

(hereinafter, "*Harper v. Bell*"), a § 1983 lawsuit Harper filed that is currently pending in the Corpus Christi Division of the Southern District of Texas. *Id.* at 1 (referencing Judge Libby's Order dated September 12, 2018 in *Harper v. Bell*); Dkt. No. 1-1 (containing a copy of Judge Libby's "Order Directing the Clerk How to Handle Recent Filings and Placing Limited Filing Restrictions on Plaintiff[,]" which was docketed in *Harper v. Bell* on September 12, 2018). Among other things, Harper's Complaint before this Court states:

> On September 17, 2018 when I received Jason B. Libby insult and threat regarding sending my final resolve to the courts as a hair keepsake with as he said nonsensical documents he has no qualms with sending it all back with a notice of nonacceptance. But now the United States has usurped by fraudulent means properties of the tribal republic of Texas which was that new suit to be filed. . . .
>
> *****
>
> The United States has 72 hours to file my petition for public redress or it will be held accountable as a belligerent invader. Tort fees for capital arrest, detention, and hostaged alienation is $250,000 or two hundred fifty thousand United States dollar bills of credit and exchange for each minute corporally held against tribal republics of Texas consent and suits for the first 30 thirty minutes and $250,000,000 two hundred fifty million United States dollars bills of credit and exchange. To be reaccounted after each diurnal and nocturnal cycle.

Dkt. No. 1 at 3-4 (errors in original).

In *Harper v. Bell*, in an order dated September 12, 2018, Judge Libby noted that Harper had attempted to file a hair sample and had "a history in this case of filing nonsensical motions and other pleadings which have failed to set forth in any coherent fashion the relief sought." *Harper v. Bell*, Civil Action No. 2:17-cv-117, Dkt. No. 94 at 2. In yet another § 1983 lawsuit filed by Harper that is currently

pending in the Corpus Christi Division, Judge Libby noted that Harper had become "a prolific filer of nonsensical civil actions, motions, and other submissions." *Cornelius Milan Harper v. City of Beeville, et al.*, Civil Action No. 2:18-CV-299, Dkt. No. 9 at 1 (citing *Harper v. Bell; Harper v. City of Beeville et al; Harper v. Municipality of Bee Co., et al.*, No. 2:18-cv-300 (S.D. Tex. filed Sept. 21, 2018); and *Harper v. St. Board of Crim. Justice, et al.*, No. 2:19-cv-300 (S.D. Tex. filed Sept. 21, 2018)). Due to Harper's frivolous filings in *Cornelius Milan Harper v. City of Beeville, et al.* (hereinafter, "*Harper v. City of Beeville*"), Judge Libby issued a "Memorandum and Recommendation to Dismiss Case" on September 28, 2018. *Id.*[4] Judge Libby found that Harper's complaint was subject to screening and dismissal pursuant to the Prison Litigation Reform Act and 28 U.S.C. §§ 1915(e)(2), 1915A. *Id.* at 1 (citing 42 U.S.C. § 1997e(c) and 28 U.S.C. §§ 1915(e)(2), 1915A).

Just as in *Harper v. City of Beeville*, Harper's Complaint here is subject to screening pursuant to the Prison Litigation Reform Act and 28 U.S.C. §§ 1915(e)(2), 1915A. The Prison Litigation Reform Act ("PLRA")[5] states that a court shall dismiss the complaint of any prisoner complaining about violations of federal law, if the compliant is frivolous or malicious, or if the complaint "fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). Section 1915A of Title 28 also

---

[4] Judge's Libby's Memorandum and Recommendation to Dismiss Case is currently pending before Senior United States District Judge Hilda Tagle.

[5] Pub.L. No. 104–134, 110 Stat. 1321 (1996).

provides for the early screening and dismissal of frivolous prisoner lawsuits. In relevant part, § 1915A provides:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a)-(b). Likewise, § 1915(e)(2)(B) of Title 28 provides that, regardless of whether a prisoner has paid any portion of a filing fee,[6] a court shall dismiss the prisoner's case at any time if it finds that the case:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or

---

[6] Harper has not paid any portion of the filing fee, nor sought to proceed in forma pauperis. However, the Court need not wait for Harper to pay the fee or file an application to proceed in forma pauperis to dismiss his Complaint on the grounds of frivolousness. *See* 28 U.S.C. § 1915(e)(2)(B) (allowing for dismissal "at any time" on the grounds of frivolousness); *see also Dinn v. Nueces Cty.*, No. 2:15-CV-67, 2015 WL 3770803, at *1 (S.D. Tex. Apr. 15, 2015), *adopted,* No. 2:15-CV-67, 2015 WL 3882480 (S.D. Tex. June 17, 2015), *aff'd,* 655 F. App'x 208 (5th Cir. 2016) ("Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper.") (citing *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir.1998) (per curiam); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam)); *Micklas v. Phillips*, 522 Fed. Appx. 616, 618 (11th Cir. 2013) ("Section 1915 does not state that a court must grant in forma pauperis status prior to dismissing a case for frivolousness . . . . [I]f a court determines that the action is frivolous . . . the court shall dismiss the case 'at any time.'") (quoting 28 U.S.C. § 1915(e)(2)) (unpublished); *Saleh v. Fla.*, No. 3:17-CV-1465-J-34PDB, 2018 WL 309861, at *3 (M.D. Fla. Jan. 5, 2018) (same).

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

Having screened Harper's Complaint pursuant to the PLRA and §§ 1915(e)(2) and 1915A of Title 28, the Court finds that Harper's Compliant is frivolous. *See generally* Dkt. No. 1 at 1-5. Harper's Complaint is also malicious, as it contains malevolent language and seeks to avoid Judge Libby's findings by asserting claims against Judge Libby in this Division. *See id.* at 4-5. In addition to being frivolous and malicious, Harper's Complaint fails to state a claim under 42 U.S.C. § 1983. Under 42 U.S.C. § 1983, a party possesses a federal cause of action if they have suffered a deprivation, under color of law, of their rights, privileges, or immunities secured by the Constitution and laws of the United States. *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, then, the party must allege facts showing that: (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999); *Dahl v. Akin*, 630 F.2d 277, 281 (5th Cir. 1980). Harper has not identified the violation of any right actionable under 42 U.S.C. § 1983, nor has he alleged facts showing that he has suffered a deprivation under color of state law.

## II. Recommendation

For the foregoing reasons, it recommended that the Court **DISMISS** Harper's Complaint with prejudice pursuant to 42 U.S.C. § 1997e(c)(1), and 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). It is recommended that this dismissal count as a

"strike" for purposes of 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 1915(g), it is recommended that the Clerk of the Court be instructed to send notice of the dismissal of this case to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov. Finally, it is recommended that the Court warn Harper that that if he accumulates three strikes he will not be able to proceed in forma pauperis in any civil action or appeal, if he files that action or appeal while incarcerated or detained in any facility, unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *see also Carson v. Johnson*, 112 F.3d 818, 819 (discussing and applying 28 U.S.C. § 1915(g) to § 1983 claims).

### III. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed this 16th day of October, 2018.

_____
Ignacio Torteya, III
United States Magistrate Judge